```
             IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

THOMAS MOORE,                      :
                                   :
         Plaintiff                 :
                                   :
     v.                            :  CIVIL NO. 3:CV-12-223
                                   :
MARIROSA LAMAS, ET AL.,            :  (Judge Conaboy)
                                   :
         Defendants                :

_____

## MEMORANDUM
### Background

Thomas Moore, an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion), filed this civil rights action pursuant to 42 U.S.C. § 1983. Following service of the Original Complaint, counsel entered an appearance on behalf of the Plaintiff. An Amended Complaint was subsequently filed.

Remaining Defendants are the following officials at Plaintiff's prior place of confinement the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview): Unit Manager Kenny Granlund and Correctional Officers Brock Perks, Edward Hall, and Chad Fisher.

A Memorandum and Order dated February 7, 2014, partially granted Defendants' motion seeking entry of partial dismissal.[1]

---

1. Plaintiff's damage claims against Defendants in their official capacities were dismissed as being are barred by the Eleventh Amendment. Second, dismissal was granted in favor of Defendant Pennsylvania Department of Corrections. In addition, the claims of conspiracy, retaliation (with the exception of the claims against Granlund), placement in the Restricted Housing Unit (RHU),
(continued...)

1

See Doc. 39. By Memorandum and Order dated September 21, 2017, Plaintiff's remaining claims were dismissed for failure to exhaust administrative remedies with exception of the following allegations: (1) sexual abuse by Defendant Unit Manager Granlund in the Fall, 2010; (2) physical abuse by Granlund on December 6, 2010; and (3) physical abuse by Defendant Correctional Officers Hall, Perks, and Fisher on February 19, 2011. See Doc. 104.

Remaining Defendants have filed a motion for partial summary judgment. See Doc. 106. Plaintiff has opposed the motion and has also submitted a cross motion seeking entry of summary judgment on all remaining claims. See Doc. 105. The cross motions are ripe for consideration

## Discussion

### Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the

---

1. (...continued)
violation of the Fourth Amendment, as well as the contentions against Superintendent Lamas solely based upon either her supervisory status or failure to respond to Moore's grievances were dismissed.

2

non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Plaintiff's Cross Summary Judgment Motion**

Moore alleges that after he repeatedly reported his allegations of sexual assault by Defendant Unit Manager Granlund

3

both orally and in writing to prison officials, they wilfully failed to initiate a required investigation. As a result of that prolonged failure, Plaintiff contends that he "was deprived of vital evidence that would allow him to prove his case effectively in the instant matter." Doc. 63, p. 17. The alleged potential evidence is identified as: (1) a handkerchief containing a semen sample from Granlund which was given to another inmate who was being released from prison;[2] (2) testimony by unidentified eyewitnesses; (3) an interview of Granlund; and (4) Plaintiff's papers and possessions were allegedly destroyed by prison officials. They also claim that prison officials failed to investigate his claim that the Hall, Perks, and Fisher intentionally poured chemicals into his cell.

Moore argues that the failure to investigate is analogous to intentional spoliation warranting the entry of summary judgment. Sexual contact between a prison employee and a prisoner is a third degree felony under Pennsylvania state law. See 18 Pa. C.S.A. § 3124.2. Plaintiff contends that two prison officials Superintendent Lamas and Captain Eaton have acknowledged that they were aware of Plaintiff's allegations of sexual abuse by Granlund since January, 2011. Moreover, although those officials were required to do so, they failed to conduct an internal investigation or report the allegation to the Pennsylvania State Police.

Remaining Defendants oppose the motion on the grounds that they should not be sanctioned for the alleged failure of the Department of Corrections to conduct an investigation. They add

---

2. The released inmate apparently died from a drug overdose in late 2011 or 2012 and the alleged sample was never recovered.

4

that pursuant to decisions such as <u>Paluch v. Secretary Pennsylvania Department of Corrections</u>, 442 Fed. Appx. 690 (3d Cir. 2011) there is no obligation for prison officials to investigate prisoner grievances.

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve properly evidence for another's use as evidence in pending or reasonably foreseeable litigation." <u>See</u> <u>Edelson v. Cheung</u>, Civ. No. 2:13-CV-5870, 2017 WL 150241 *2 (D. N.J. Jan. 12, 2017). It is well settled that a party has a duty to preserve information that is reasonably known to be relevant to pending or future litigation.

If information has not been preserved and cannot be restored or replaced through additional discovery, a court may order corrective measures. <u>See</u> Federal Rule of Civil Procedure 37(e). However, prior to so doing, the court must establish that the other party has been prejudiced and that the offending party acted with intent to prevent the use of the missing information in litigation by the other party. Since a party's intentional loss or destruction of evidence to preclude its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for the loss or destruction, a court has the authority to provide the jury with an adverse inference instruction.

Although prison officials do not have a duty to investigate all prisoner claims, they do have an obligation of reporting alleged criminal activity to the appropriate law enforcement officials. Nonetheless, this Court agrees that the Remaining

5

Defendants cannot be sanctioned for conduct attributed to other prison officials.

Remaining Defendants acknowledge that the allegation of sexual abuse was not properly investigated in a timely and thorough manner. See Doc 111, p. 5. However, none of the individual Remaining Defendants were involved in that purported failure to investigate. It is also noted that there is no contention that evidence was destroyed and mere negligent conduct is not an appropriate basis to impose the severe measure of the granting of summary judgment. See Bull v. United Parcel Service, 665 F.3d 68, 79 (3d Cir. 2012)(a finding of bad faith is pivotal in making a spoliation determination).

Based upon the information presently before this Court, it is unable to make a determination that the undisputed facts establish that the admitted failure of prison officials to undertake a proper internal investigation was an intentional effort to prevent the use of evidence in reasonably foreseeable litigation. It is also noted that Plaintiff does not provide specifics as to what potential eyewitness testimony or other evidence could have been discovered. This conclusion is bolstered by the fact that Plaintiff clearly states that the underlying sexual activity occurred in the privacy of Granlund's office. No eyewitnesses are identified by the Plaintiff. Moreover, the Plaintiff himself can clearly testify as to the alleged acts of sexual misconduct by Granlund.

It is also unclear as to whether any prison officials, including those who had responsibility for conducting internal investigations were informed in a timely fashion as to the

existence of handkerchief containing a semen sample. The Remaining Defendants cannot be held responsible for the now apparent ill advised decision by Moore to place that piece of potentially crucial evidence in the care of another prisoner. Unlike <u>Bull</u>, this is simply not a case where there was intentional withholding of evidence by a defendant.

Finally, the failure to conduct an investigation into the alleged sexual misconduct by Defendant Granlund should not warrant the severe sanction of the granting of summary judgment with respect to the alleged constitutional misconduct attributed to three other correctional officers. With respect to the claim that there was also a failure to internally investigate Defendants Hall, Perks, and Fisher's alleged intentional mopping of a cleaning fluid into Plaintiff's cell causing him to suffer injury, undisputed supporting evidence presented by the Remaining Defendants shows that this incident was the subject of a proper internal investigation. <u>See</u> Doc. 109-1. Specifically, in response to a letter sent by the Plaintiff, the Centre County, Pennsylvania District Attorney's Office referred the matter to the DOC's Office of Professional Responsibility, now known as the Office of Special Investigations and Intelligence (OSII). <u>See</u> Doc. 109-2. OSSI assigned the claim to SCI-Rockview Security Lieutenant Foster who investigated the incident. Since this claim was the subject of an internal investigation, the request for entry of summary judgment against Remaining Defendants Hall, Perks, and Fisher will be denied.

Pursuant to the above discussion, the request that summary judgment be granted in favor of the Plaintiff as a sanction for the

7

DOC's failure to conduct investigations in the alleged, remaining acts of constitutional misconduct will be denied. This decision does not prevent Remaining Defendants from seeking the issuance of an adverse jury instruction.

**Defendants' Partial Summary Judgment Motion**

Remaining Defendants seek entry of summary judgment with respect to the claim of intentional abuse by Correctional Officers Hall, Perks, and Fisher. See Doc. 106. It is initially noted that since Remaining Defendants are not pursuing a summary judgment request with respect to the allegations of sexual and physical abuse by Unit Manager Grandlund, those allegations will proceed to trial.

Plaintiff counters that there are material facts in dispute which preclude entry of summary judgment with respect to the claims against Hall, Perks, and Fisher. See Doc. 110, p. 3. It is also suggested that the investigative summary is not credible evidence because the two officers who prepared the report purportedly engaged in a effort to dissuade Plaintiff into dropping his claims against Defendant Granlund. Moore adds that he never alleged that a "toxic" chemical was employed against him but rather contends only that he the victim of a retaliatory, excessive use of a powerful cleaning agent.[3] In addition, Plaintiff notes that the credibility of the report is undermined by the existence of a correctional official's forged written withdrawal of an institutional grievance filed by Plaintiff regarding the incident.

---

3. Plaintiff's claim of retaliation was previously dismissed for failure to exhaust administrative remedies. See Doc. 103, p. 31.

8

It is alleged that on February 19, 2011, several guards including Perks, Fisher, and Hall deliberately mopped cleaning fluid into Plaintiff's cell after he complained of not getting any food. The resulting fumes purportedly caused Moore to pass out and fall to the concrete cell floor injuring his head. Plaintiff states that following the incident he was taken to the prison's medical unit for treatment.

According to the Remaining Defendants, Plaintiff was denied his lunch tray on February 19, 2011 after he refused an order to uncover the light in his cell and became loud and disrespectful. They assert that no chemicals were poured into his cell. The Remaining Defendants add that while Plaintiff was medically treated by a prison nurse that day for complaints of chest pain, there is no indication in the inmate's institutional medical records that he raised claims of passing out, hitting the floor, or injuring his head on the date in question. Remaining Defendants also assert that none of the cleaning chemicals regularly used in the Plaintiff's housing unit posed an inhalation hazard.

A July 6, 2011 investigative summary prepared by SCI-Rockview Captain Eaton (Doc. 109-2) shows that when interviewed regarding the February 19, 2011 incident, Registered Nurse Dunlap stated that she was called to Moore's cell in response to the inmate's complaints of chest pain. During her evaluation of the Plaintiff, he stated correctional officers had thrown bleach under his cell which made him nauseous. See id.

It is the function of this Court to determine whether the Remaining Defendants have satisfied their burden of showing that there is no genuine issue as to any material fact. Remaining

9

Defendants' pending request for summary judgment is wholly based upon an investigative report and a contention that toxic cleaning materials were not employed in Plaintiff's housing unit. Defendants Perks, Hall or Fisher have not submitted individual supporting affidavits or declarations under penalty of perjury. Nurse Dunlap or the officials who conducted the internal investigation have also not submitted declarations under penalty of perjury or affidavits.

Given that Plaintiff has previously given testimony in this matter asserting that a prison official engaged in a fraudulent attempt to withdraw the inmate's grievance against Defendants Hall, Perks, and Fisher; this Court's previously expressed concerns about the adequacy of the investigative procedures undertaken at SCI-Rockview with respect to Moore; and the failure of Remaining Defendants to submit supporting affidavits or declarations under penalty of perjury, this Court is not satisfied that Remaining Defendants have met their burden of demonstrating by properly supported evidentiary facts that there is the absence of a genuine issue of material fact. Remaining Defendants Hall, Perks, and Fisher's request for entry of partial summary judgment will be denied. An appropriate Order will enter.

S/Richard P. Conaboy  
Richard P. Conaboy  
United States District Judge

DATED: SEPTEMBER 26, 2018

10