# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MOORE, | No. 3:12-CV-00223 |
| Plaintiff, | (Judge Brann) |
| v. | |
| KENNY GRANLUND, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 18, 2019

**I.    BACKGROUND**

Thomas Moore, a Pennsylvania state prisoner, filed this civil rights complaint—which he later amended with assistance from counsel—alleging that several defendants violated his rights during his incarceration at State Correctional Institution Rockview.[1] Over the course of several years, United States District Judge Richard P. Conaboy issued a series of rulings that narrowed the relevant issues and dismissed several defendants from the action.

In February 2014, Judge Conaboy dismissed several claims[2] and, in September 2017, he granted partial summary judgment in favor of Defendants after concluding that Moore failed to exhaust administrative remedies as to some claims.[3]

---

[1]    Docs. 1, 28.

[2]    Docs. 39, 40.

[3]    Docs. 103, 104.

However, Judge Conaboy permitted three claims to proceed on the ground that Moore's failure to exhaust administrative remedies should be excused because those remedies were not reasonably available.[4] Specifically, Judge Conaboy permitted claims to proceed related to allegations that: (1) Kenny Granlund engaged in improper sexual contact with Moore during the fall of 2010; (2) Granlund physically assaulted Moore on December 6, 2010; and (3) Defendants Hall, Perks, and Fisher mopped chemicals into Moore's cell on February 19, 2011, which resulted in Moore passing out and striking his head on the ground.[5] Because Judge Conaboy only addressed whether Moore's claims were administratively exhausted, he permitted the parties to file motions for summary judgment that addressed the merits of Moore's remaining claims.[6]

The parties thereafter filed cross motions for summary judgment.[7] Moore contended that he was entitled to summary judgment as a sanction for Defendants having failed to properly investigate Moore's allegations.[8] Moore asserted that this failure was akin to spoliation of evidence, as it resulted in the purported loss of key evidence that would have supported Moore's claims.[9] Defendants in turn asserted

---

[4] Doc. 103 at 31-62.
[5] *Id.* at 64.
[6] Doc. 104.
[7] Docs. 105, 106.
[8] Doc. 105.
[9] *Id.*

that judgment should be entered in favor of Hall, Perks, and Fisher (collectively "Moving Defendants") because there was no evidence that Moving Defendants poured toxic chemicals into Moore's cell.[10]

In September 2018, Judge Conaboy denied both motions.[11] As to Moore's motion, Judge Conaboy concluded that, although Moore's grievances were "not properly investigated in a timely and thorough manner,"[12] no remaining Defendants were involved in the failure to investigate, and there was no evidence of bad faith that could support the entry of judgment in Moore's favor.[13] With regard to Moving Defendants' motion, Judge Conaboy concluded that Moving Defendants failed to demonstrate the absence of a genuine issue of material fact, citing Moore's contemporaneous statements to a resident nurse, evidence of a possible attempt by a prison official to fraudulently withdraw Moore's grievance related to this claim, concerns over the adequacy of the prison's investigation, "and the failure of [Moving] Defendants to submit supporting affidavits or declarations under penalty of perjury."[14]

---

[10] Doc. 107.

[11] Docs. 114, 115.

[12] Doc. 114 at 6.

[13] *Id.* at 3-8.

[14] *Id.* at 10; *see id.* at 8-10.

3

Both Moore and Moving Defendants have filed motions for reconsideration.[15] Moving Defendants argue that Judge Conaboy committed a clear error of fact or law in concluding that there exists a genuine issue of material fact regarding Moving Defendants' liability.[16] Specifically, Moving Defendants contend that (1) Judge Conaboy failed to consider statements provided by Moving Defendants during the course of the prison's investigation, and (2) pursuant to Local Rule 56.1, Remaining Defendants' assertion that they did not pour chemicals into Moore's cell should be deemed admitted since Moore did not file an opposing statement of facts.[17]

Moore in turn asserts that manifest injustice would occur if this Court did not reconsider denial of his motion for summary judgment.[18] Moore does not contest that the remaining Defendants may not be held liable for the failure to investigate, but rather asserts that Defendants Lamas and Eaton should be reinstated as defendants and judgment entered against them.[19] Absent such action, Moore argues, the Court would deny redress for the "Kafkaesque ordeal [Moore] suffered for ten months at the hand of those responsible for thwarting his repeated and creative

---

[15] Docs. 117, 120.
[16] Doc. 118.
[17] *Id.*
[18] Doc. 120.
[19] *Id.* at 5-6.

4

attempts to obtain remedial action" and would reward the bad conduct of Lamas and Eaton.[20]

Judge Conaboy died in November 2018 and this matter was administratively reassigned to the undersigned.

## II. DISCUSSION

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[21] Both parties rely on the third ground for reconsideration: that reconsideration is required to correct a clear error of law or fact or to prevent manifest injustice.[22] Importantly, in reviewing for clear error, it does not matter that this Court "would have reached a different conclusion" in the matter.[23] Rather, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[24]

---

[20] *Id.* at 3-4.

[21] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).

[22] The United States Court of Appeals for the Third Circuit has noted "that there is substantial, if not complete, overlap between the . . . concepts" of a "clear error of law or fact" and "manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018). Consequently, the Court does not distinguish between the two concepts in this Memorandum.

[23] *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008).

[24] *Id.* (internal quotation marks omitted).

"Thus, [to warrant reconsideration, the parties] must show more than mere disagreement with the earlier ruling; [they] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[25] Moreover, a motion for reconsideration should be denied "when the asserted factual or legal errors would not alter the result of the initial decision."[26]

### A. Moving Defendants' Motion for Reconsideration

As noted previously, Moving Defendants argue that Judge Conaboy clearly erred by failing to consider statements provided by Moving Defendants, or to deem their statement of facts admitted in accordance with Local Rule 56.1.[27]

As to Moving Defendants' second contention, Local Rule 56.1 requires that a party opposing a motion for summary judgment "include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's] statement." Moreover, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."[28]

---

[25] *In re Energy Future Holdings Corp.*, 904 F.3d at 312 (brackets, quotation marks, and citation omitted).

[26] *United States v. Kubini*, No. CR 11-14, 2018 WL 4282852, at *6 (W.D. Pa. Sept. 7, 2018) (collecting cases).

[27] Doc. 118.

[28] Local Rule 56.1.

Moving Defendants filed a proper statement of facts—as required by this Court's Local Rules—in which they stated that "[n]o chemicals were poured into Plaintiff's cell."[29] Furthermore, Moore did not technically comply with Local Rule 56.1, as he did not file a responsive statement of facts. This oversight is particularly egregious because Moore's counsel provided a responsive statement of facts in opposition to Defendants' previous motion for summary judgment, demonstrating his awareness of Local Rule 56.1.[30] The Local Rules were implemented to streamline litigation and bring greater efficiency to the work of the Court.[31] It is for that reason that the Court looks highly unfavorably upon violations of the Local Rules and rarely excuses noncompliance.

Nevertheless, application of the Local Rules rests within the sound discretion of this Court,[32] and there are numerous examples within this district forgiving technical noncompliance with Local Rule 56.1 in furtherance of the pursuit of a just result.[33] Thus, a district court may, in the exercise of its inherent discretion, "depart from the strictures of its own local procedural rules where (1) it has a sound rationale

---

[29] Doc. 108 ¶ 13.

[30] Doc. 63 at 31-32.

[31] *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018).

[32] *See id.* (noting that district courts are afforded discretion in the interpretation and application of their local rules because "the District Court is in the best position to determine the extent of a party's noncompliance with Local Rule 56.1, as well as the appropriate sanction for such noncompliance"). *See also* Local Rule 1.3 (permitting courts to "suspend these rules in individual cases by written order").

[33] *E.g.*, *Bonilla v. City of York*, No. 1:14-CV-02238, 2016 WL 3165619, at *5 (M.D. Pa. June 7, 2016).

for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rules to his detriment."[34] With this framework in mind, the Court finds no abuse of discretion in Judge Conaboy's decision to overlook Moore's technical noncompliance with the Local Rules.

Critically, while Moore did not file a statement of facts in opposition to Moving Defendants' statement, he did file a brief in opposition to their motion for summary judgment wherein he vigorously contested the factual bases underlying that motion and asserted that Moving Defendants poured chemicals into his cell.[35] Moore thus put Moving Defendants on notice of what specific issues and facts he contested. Moving Defendants have pointed to no prejudice resulting from Moore's technical noncompliance, and the Court can discern none from the record. In consideration of the absence of prejudice and—as discussed below—legitimate grounds for this matter to proceed to trial against Moving Defendants, Moving Defendants' statement of facts will not be deemed admitted.

Turning to the remainder of Moving Defendants' motion for reconsideration, it is unclear if Judge Conaboy in fact failed to consider the statements submitted by Moving Defendants, as he referenced on multiple occasions the investigative materials compiled by prison officials. It can thus be assumed that Judge Conaboy did consider the statements, but found them unpersuasive in light of his oft-

---

[34] *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000).

[35] Doc. 110 at 3-5.

8

expressed skepticism of the thoroughness and candor of the prison's investigation.[36] In any event, even assuming that Judge Conaboy failed to consider Moving Defendants' statements, the Court is not left with a "definite and firm conviction" that Judge Conaboy erred in concluding that genuine issues of material fact prevented summary judgment.

Moving Defendants primarily point to four witness statements[37] in support of their contention that summary judgment is warranted in their favor. A statement provided by Perks attested that "[a]t no time were any chemicals used by [Moore's] cell," while Hall stated that "[a]t no time were chemicals were used to punish or retaliate against inmate Moore," and Fisher asserted that "at no time were any chemicals poured into [Moore's] cell."[38] Moving Defendants also point to a statement provided by Safety Manager M. Wenrick asserting that chemicals used and stored in the area where Moore was confined do not pose an inhalation hazard.[39]

---

[36] *See, e.g.*, Doc. 103 at 62-63 ("It appears that investigations were cursory or nonexistent and officials were not forthcoming in advising Plaintiff of the status of his claims despite numerous inquiries . . . this case is one where the prison appears to have ignored grievances and complaints of abuse or failed to fully investigate allegations of abuse—practices which lead prisoners to feel disrespected and come to believe that internal grievance procedures are ineffective." (alterations, quotation marks, and citation omitted)).

[37] These statements provide that they "will be considered for all purposes, including actions under the Statutes of this Commonwealth, just as though it has been sworn or affirmed before a court of law or formal arbitration panel." Doc. 109-3 at 15, 17, 19. Although the parties dispute whether such statements constitute appropriate "affidavits or declarations" contemplated by Fed. R. Civ. P. 56(c)(1)(A), the Court assumes—without deciding—for the purposes of this Memorandum that the statements are appropriately considered.

[38] Doc. 118-1 at 2-4; *see* Doc. 109-3 at 15, 17, 19.

[39] Doc. 118-1 at 5; *see* 109-3 at 26.

However, balanced against these statements are statements from Moore attesting to the opposite. For example, in a statement provided during the prison's investigation, Moore asserted that Moving Defendants "got the chemical cleaner and poured it into the water at my door cell and then moved it all back into my cell."[40] Similarly, in his deposition testimony Moore asserted that Moving Defendants "took a freaking blanket and put it at the door . . . on top of everything else after they poured" a chemical substance into his cell.[41] These statements are buttressed by a contemporaneous statement provided by Moore to a resident nurse, and numerous complaints filed by Moore about this incident.[42]

On balance then, the evidence does not conclusively establish that Moving Defendants did not commit the act described in Moore's amended complaint. Although the relative weight of the evidence may tilt in Moving Defendants' favor, it is not within the province of this Court to make credibility determinations or "weigh the evidence and determine the truth itself."[43] The Court's duty is merely to determine whether any factual dispute exists that must be resolved by a proper factfinder. Based on the conflicting sworn statements in this matter, and after "identify[ing] undisputed facts and resolv[ing] the remaining disputed facts in favor

---

[40] Doc. 109-3 at 13. Similar to the statements provided by Moving Defendants, Moore's statement also provides that it "will be considered for all purposes . . . just as though it had been sworn or affirmed before a court of law [or] arbitration panel."

[41] Doc. 60-7 at 28.

[42] Doc. 60-6 at 24, 26, 28, 32, 34, 36, 44; Doc. 118-1 at 6.

[43] *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1013-14 (3d Cir. 2008).

of [Moore]"[44] the Court simply cannot conclude that Judge Conaboy clearly erred when he determined that genuine issues of material fact preclude summary judgment.[45] Consequently, Moving Defendants' motion for reconsideration must be denied.

B. **Moore's Motion for Reconsideration**

Moore seeks reconsideration on the ground that a manifest injustice would occur were this Court not to reinstate Lamas and Eaton as defendants and sanction them for failing to investigate Moore's grievances.[46] Although Moore misunderstands the nature of the term "manifest injustice" as applied in a motion for reconsideration,[47] his argument fails for more fundamental reasons.

First, as Judge Conaboy noted, "there is no contention that evidence was destroyed and mere negligent conduct is not an appropriate basis to impose the severe measure of the granting of summary judgment."[48] Moore points to no evidence contradicting this conclusion and, absent bad faith, there is no basis for the Court to grant summary judgment.

---

[44] *Id.*

[45] Wenrick's statement does nothing to alter this conclusion. Although Wenrick states that the chemicals stored in the vicinity of Moore's cell do not pose an inhalation hazard, and that bleach is never stored or used in that area, the statement does not exclude the possibility that hazardous materials were placed in the area accidentally, or that Moving Defendants brought a hazardous chemical to that area for the express purpose of pouring it in or near Moore's cell.

[46] Doc. 120.

[47] *See In re Energy Future Holdings Corp.*, 904 F.3d at 311 (noting "substantial, if not complete, overlap between the . . . concepts" of a "clear error of law or fact" and "manifest injustice.").

[48] Doc. 114 at 6.

Second, Lamas and Eaton were dismissed from this action in September 2017, and Moore did not seek reconsideration of their dismissal until October 2018—more than one year later.[49] Local Rule 7.10 requires that, other than a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e),[50] "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Even if the Court were to interpret Moore's motion as arising under Fed. R. Civ. P. 60(b), such motion must be filed within one year of the challenged order or "within a reasonable time."[51] Under either standard, Moore's request is untimely and should not be considered.

Finally, Moore provides no legitimate ground to reconsider Judge Conaboy's well-reasoned conclusion that Moore failed to exhaust administrative remedies against Lamas and Eaton.[52] Although the failure to exhaust administrative remedies is not a jurisdictional bar, it is a "prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time."[53] Stated simply, because Moore failed to exhaust his administrative remedies against Lamas

---

[49] *See* Docs. 103, 104, 120.

[50] Because the Order of which Moore seeks reconsideration did not enter judgment against any party, his motion does not implicate Rule 59(e).

[51] Fed. R. Civ. P. 60(c)(1).

[52] *See* Docs. 93, 103.

[53] *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (internal quotation marks omitted).

and Eaton, this is not the proper forum or the proper time to pursue remedies against those defendants. For those reasons, Moore's motion for reconsideration is likewise denied.

## III. CONCLUSION

Neither Moore nor Moving Defendants present compelling reasons to revisit Judge Conaboy's order denying the cross-motions for summary judgment. Consequently, the motions for reconsideration will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge